**IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF NORTH DAKOTA
SOUTHWESTERN DIVISION**

| | | |
|---|---|---|
| James Arthur Woods, Sr. | ) | |
| | ) | |
| Plaintiff, | ) | **REPORT AND RECOMMENDATION** |
| | ) | |
| vs. | ) | |
| | ) | |
| North Dakota University System, | ) | |
| William Goetz, | ) | Case No. 1:08-cv-090 |
| | ) | |
| Defendants. | ) | |

_____

Plaintiff James Arthur Woods, Sr. initiated the above-entitled action by complaint on October 23, 2008. What follows is a pre-service review of his complaint pursuant to 28 U.S.C. § 1915(e)(2).

**I.   BACKGROUND**

Woods, proceeding *pro se* and *in forma pauperis*, is seeking to sue the North Dakota University System and William Goetz. According to the complaint and its attachments, Woods had been employed as an Office Assistant within the North Dakota State Approving Agency of the North Dakota University System. Goetz terminated Woods' employment by letter dated November 13, 2007. The letter, which is an attachment to the complaint, was signed by Goetz as Chancellor of the University System.

While the complaint is somewhat difficult to interpret given its perfunctory nature, Woods appears to assert a state-law claim for breach of contract and possibly also claims for defamation and malicious prosecution. Wood has not claimed a violation of any federal law or constitutional right.

1

The complaint alleges that this court has jurisdiction, but does not state any basis for the jurisdiction. Notably, the complaint alleges that Woods was at all times material a resident of Burleigh County, North Dakota, but it appears he may now be living in Colorado, given the Colorado address that appears below his signature to the complaint and the address he has otherwise furnished the court.

## II. DISCUSSION

### A. Standard of Review

Proceedings *in forma pauperis* are governed by 28 U.S.C. § 1915, which provides that the court may authorize the commencement of a suit without prepayment of fees by a person submitting a financial affidavit evincing an inability to pay. See 28 U.S.C. § 1915(a)(1). Notwithstanding financial eligibility, the court may dismiss a case at any time if it concludes the action is frivolous or malicious, fails to state a claim, or seeks monetary relief against a defendant who is immune from such relief. See 28 U.S.C. § 1915(e)(2).

In determining whether the complaint states a claim, the court must look to Fed. R. Civ. P. 8(a)(2), which requires only "a short and plain statement of the claim showing that the pleader is entitled to relief." Bell Atlantic Corp. v. Twombly, 550 U.S. 544, 127 S.Ct. 1955, 1964 (2007). Also, the court must consider the Supreme Court's admonition that *pro se* complaints are to be "liberally construed" and "held to less stringent standards than formal pleadings drafted by lawyers." Erickson v. Pardus, __ U.S. __, 127 S.Ct. 2197, 2200 (2007) (per curiam). While these pleadings requirements are minimal and do not require a detailed recitation of the facts, even a *pro se* litigant must state enough in terms of the facts and grounds for relief to give the defendant fair notice of what the claim is and to indicate that the right to relief is at least plausible, even if the chances for

success are remote. See Erickson v. Pardus, supra; Hughes v. Banks, 2008 WL 4065874, *1 (8th Cir.2008) (unpublished opinion) (stating that even a *pro se* complaint must allege sufficient facts to support claims advanced); Carter v. Hassel, 2008 WL 649180, *1 (8th Cir. 2008) (unpublished per curiam) (allegations insufficient to describe the violation of a constitutional right with respect to certain of the claims); Kozikowski v. C.I.R., 258 Fed.Appx. 60, 2007 WL 3377146, *1 (2007) (unpublished per curiam) (citing Bell Atlantic Corp. v. Twombly, 127 S.Ct. at 1974 for the proposition that a complaint must plead enough facts to state a claim for relief that is plausible and dismissing a *pro se* complaint); cf. Bell Atlantic Corp. v. Twombly, 127 S.Ct. 1955.

In construing the complaint, the court must weigh all factual allegations in favor of the plaintiff, unless the facts alleged are clearly baseless. Denton v. Hernandez, 504 U.S. 25, 31-33 (1992) (court may disregard factual allegations that are clearly baseless, fanciful, fantastic, or delusional); Martinez v. Turner, 977 F.2d 421, 423 (8th Cir. 1992) (citing Nietske v. Williams, 490 U.S. 319, 325 (1989), for the proposition that a complaint is frivolous if it lacks an arguable basis in fact or is based on an indisputable meritless legal theory). Finally, just because a plaintiff is proceeding *pro se*, does not mean that the court is required to ignore facts pled in the complaint when they undermine the plaintiff's claim. The court may accept as true all facts pled in the complaint and conclude from them that there is no claim stated as a matter of law. E.g., Edwards v. Snyder, 478 F.3d at 830; Thompson v. Illinois Department of Professional Regulation, 300 F.3d 750, 753-754 (7th Cir. 2002) (citing other cases).[1]

---

[1] In Edwards v. Snyder, the Seventh Circuit stated the following:
Complaints may be susceptible to dismissal for failure to state a claim for various reasons. For example, a plaintiff may allege too little in his complaint and fail to meet the minimal federal pleading requirements. See Fed. R. Civ. P. 8. Even if a complaint passes the minimal threshold of pleading standards, dismissal for failure to state a claim may be appropriate if it "appears beyond doubt that the plaintiff can prove no set of facts that would entitle him to relief." Marshall v. Knight, 445 F.3d 965,

**B.      28 U.S.C. § 1915(e)(2) Review**

There are several problems with Woods' complaint.  As discussed in more detail below, the most problematic deficiency arises as a consequence of the Eighth Circuit case law requiring that complaints against governmental officials be construed as suing the officials only in their official capacities, and not their individual capacities, unless the complaints affirmatively state otherwise.  And, here the official versus individual capacity distinction affects whether this court has subject matter jurisdiction.  In addition, there are other problems with the complaint that Woods should also address, although by themselves they may not be sufficient to warrant dismissal at this early stage given that Woods is proceeding *pro se*.

**1.      The apparent lack of subject matter jurisdiction based on the allegations of the complaint**

Federal courts are courts of limited jurisdiction, and it is presumed that jurisdiction is lacking until the party claiming jurisdiction demonstrates otherwise.  Kokkonen v. Guardian Life Insurance Co. of America, 511 U.S. 375, 377 (1994).  As a consequence, Fed. R. Civ. P. 8(a)(1) requires a person suing in federal court to set forth in the complaint the basis for the court's jurisdiction.  The failure to do so is grounds for dismissal.  See Shelter Mut. Ins. Co. v. Public Water Supply Dist. No. 7 of Jefferson County, Mo., 747 F.2d 1195, 1197 (8th Cir. 1984).  In this case, the complaint pleads some jurisdictional facts and alleges the court has jurisdiction without stating precisely the basis for the court's jurisdiction.

---

968 (7th Cir. 2006); Dealt v. Carter, 224 F.3d 607, 610 n. 1 (7th Cir. 2000).  A complaint can also allege too much; a plaintiff may unwittingly plead himself out of court by alleging facts that preclude recovery.  See McCreary v. BAY, Inc., 453 F.3d 882, 888 (7th Cir. 2006).
478 F3d at 830.

Most of the *pro se* lawsuits filed in this court seek to adjudicate claims for violations of federal laws or the United States Constitution, which may be brought pursuant to 42 U.S.C. § 1983 and for which the court has jurisdiction under 28 U.S.C. § 1331 (federal question jurisdiction) and 28 U.S.C. § 1343(3) (jurisdiction for enforcement of federal constitutional and statutory rights). As noted above, however, the complaint in this case does not allege a violation of federal law. Hence, the court must look elsewhere for its jurisdiction.

Given the nature of the complaint, the only other possibility for original jurisdiction is 28 U.S.C. § 1332. Generally speaking, § 1332 provides a federal district court with jurisdiction when a citizen of one state seeks to sue a citizen of another state with respect to a state-law claim, provided the amount in controversy is in excess of $75,000.

Woods does not say in this complaint that he is relying upon diversity jurisdiction under 28 U.S.C. § 1332, but he does allege that the defendants are residents of North Dakota and that this is an action for money damages in excess of $250,000. And, although he states he "was" a resident of Burleigh County, North Dakota at all times material to the lawsuit, he does set forth a Colorado address at the conclusion of his complaint below his signature. While this comes close to satisfying Fed. R. Civ. P. 8(a)(1)'s requirement of pleading the basis for the court's jurisdiction, see Scheuer v. Rhodes, 416 U.S. 232, 234 n.2 (1974), it is not sufficient since there is no allegation that Woods is a citizen of a state other than North Dakota and simply referring to a mailing address in another state is not enough. Bowen v. Yellow Freight Systems, Inc., 101 F.3d 685 (Table), 1996 WL 280095, *1 (2d Cir. 1996) (*pro se* litigant's recitation of mailing addresses was insufficient to establish diversity jurisdiction); see Preston v. Tenet Healthsystem Memorial Medical Center, Inc., 485 F.3d 804, 815 (5th Cir. 2007).

If the only problem was the failure to strictly comply with Rule 8(a)(1)'s requirements, the undersigned would order that service be made and any technical deficiencies be cured later. See Miles v. Ertl Company, 722 F.2d 434 (8th Cir. 1983) (per curiam). There is, however, another more fundamental jurisdictional problem if Woods is claiming that the basis for the court's jurisdiction is diversity jurisdiction under § 1332.

The problem arises out of the fact that the North Dakota University System, which is operated by the State Board of Higher Education, is an arm of the State of North Dakota. See N.D. Const. Art. VIII; N.D.C.C. ch.15-10; see generally Skjervem v. Minot State University, 2003 ND 52, ¶ 658 N.W.2d 750, 753 (holding that the state higher education system is an arm of the state). And, states are not considered "citizens" for purposes of § 1332. E.g., Moor v. County of Alameda, 411 U.S. 693, 717-721 (1973); In re Katrina Canal Litigation Breaches, 524 F.3d 700, 706 & n.17 (5th Cir. 2008); University of South Alabama v. American Tobacco Company, 168 F.3d 405, 411-412 (11th Cir. 1999).

Further, a suit against a state employee in his official capacity for damages is considered to be a suit against the state. See id. see also Quern v. Jordan, 440 U.S. 332 (1979); Edelman v. Jordan, 415 U.S. 651 (1974); Alsbrook v. City of Maumelle, 184 F.3d at 1010; see also Kentucky v. Graham, 473 U.S. 159, 166-167 (1985) (discussing distinctions between individual and official capacity claims). And, simply naming a state official as a party defendant does not satisfy the "citizenship" requirement of § 1332 if the public official is sued only in his or her official capacity. State Highway Commission of Wyoming v. Utah Construction Company, 278 U.S. 194,198-200 (1929); Nuclear Engineering Co. v. Scott, 660 F.2d 241, 250 (7th Cir. 1981); Baldi v. McKenzie, 2004 WL 1660334, *1 (D.N.H. 2004).

If Goetz was being sued in his individual capacity, there may an argument for diversity jurisdiction assuming Woods is now a citizen of a state other than North Dakota, the amount in controversy is in excess of $75,000, and there is some basis for arguing that his conduct is separately actionable apart from the State. Cf. Ford Motor Co. v. Department of Treasury of State of Indiana, 323 U.S. 459, 462-463 (1945); Hopkins v. Clemson Agr. College of South Carolina, 221 U.S. 636, 642-643 (1991).[2] But, here, the complaint does not state that Goetz is being sued in his individual capacity. And, under Eighth Circuit case law, the court is required to construe the complaint as suing Goetz only in his official capacity unless the complaint affirmatively states to the contrary. E.g., Baker v. Chisom, 501 F.3d 920, 924 (8th Cir. 2007); Johnson v. Outboard Marine Corporation, 172 F.3d 531, 535 (8th Cir. 1999); Murphy v. State of Arkansas, 127 F.3d 750, 754-755 (8th Cir. 1997). Further, if Woods seeks to sue Goetz in his individual capacity, then the North Dakota University System (including any claim against Goetz in his official capacity) cannot be a defendant if the only jurisdictional basis is diversity jurisdiction under § 1332. This is because the State is a non-diverse party and jurisdiction under § 1332 requires complete diversity. See, e.g., New-man Green, Inc. v. Alfonzo-Larrain, 490 U.S. 826, 829 (1989); Strawbridge v. Curtiss, 3 Cranch 267, 2 L.Ed. 435 (1806).

---

[2] To prevail against Goetz in his personal capacity, Woods will have to demonstrate some basis for why Goetz should personally be responsible. With respect to the breach of contract claim, Woods may have difficulty prevailing against Goetz personally if Goetz was not a party to the contract and it was only between the North Dakota University System and Woods. See Dover Elevator Co. v. Arkansas State University, 64 F.3d at 447 (noting that the University trustees sued in their individual capacities were not liable under a state-law claim for breach of contract because they were not parties to the contract). And, with respect to any tort claims, he will have to overcome the immunities that Goetz is entitled to claim under N.D.C.C. § 32-12.2-03(2)-(3), which provide that Goetz may not be held liable in his personal capacity for any negligence, wrongful act, or omission committed by him while acting within the scope of his employment.

7

Consequently, the complaint as presently drafted is insufficient to confer subject matter jurisdiction under § 1332.[3] And, unless this matter is cured by an amended complaint, the court should dismiss the action without prejudice since there is no other apparent basis for jurisdiction.[4]

If Woods files an amended complaint claiming only diversity jurisdiction under 28 U.S.C. § 1332 as the basis for the court's jurisdiction, then, minimally, Woods needs to sue some person as a defendant in his individual capacity, whether that be Goetz or some other individual. Further, Woods should also comply with Rule 8(a)(1)'s requirements and set forth the state for which he claims citizenship. Finally, the North Dakota University System should not be named as a defendant if the only claimed basis for jurisdiction is diversity jurisdiction, but, since Woods may try to allege some other basis for jurisdiction, this is less critical given that the court can later dismiss the North Dakota University System to maintain diversity if that is the only apparent basis for jurisdiction in the amended complaint. See Grupo Dataflux v. Atlas Global Group, L.P., 541 U.S. 567, 572-573 (2004); New-man Green, Inc. v. Alfonzo-Larrain, supra.[5]

---

[3] In particular, there is no argument for supplemental jurisdiction under 28 U.S.C. § 1367 given the provisions of subdivision (b) which foreclose the exercise of supplemental jurisdiction by plaintiffs over defendants when it is inconsistent with the jurisdictional requirements of § 1332.

[4] This problem is better resolved before service of the complaint. Otherwise, if the court later allows an amendment clarifying that Goetz is being sued in his individual capacity, there *may* be an argument that personal service would have to effectuated a second time, given that he would then be sued in his personal capacity. And, here it is the court that is burdened with the responsibility of effectuating service given that Woods is proceeding *in forma pauperis*. 28 U.S.C. § 1915(d).

[5] At this point, Woods is not prohibited from attempting to claim in an amended complaint some other basis for the court's jurisdiction over the state-law claims against the North Dakota University System. However, even if he successfully establishes some other basis for jurisdiction, he faces several other substantial hurdles.
The mere fact the State of North Dakota *may* have waived its immunity and consented to be sued in state court does not mean it has waived its Eleventh Amendment immunity from being required to defend the state-law claims in federal court. See, e.g., McKlintic v. 36th Judicial Circuit Court, 508 F.3d 875, 877 (8th Cir. 2007); Krakow v. North Dakota ex rel. State Board of Higher Education, 208 F.3d 218 (Table) 2000 WL 227850, *1 (8th Cir. 2000) (upholding dismissal of a state-law breach of contract claim against the North Dakota State Board of Higher Education on Eleventh Amendment immunity grounds); Dover Elevator Co. v. Arkansas State University, 64 F.3d 442, 446-47 (8th Cir.1995). Any waiver of the State's Eleventh Amendment immunity would have to expressly stated. College Savings Bank v.

### 2.     The failure to more clearly articulate the claims for relief

In his complaint, Woods pleads "jurisdictional allegations," which as noted above are insufficient. He also pleads what he labels as "factual allegations." Nowhere, however, does Woods state what claims he is actually making, and the court is left to surmise from the factual allegations what those claims might be. As noted above, a liberal construction of the complaint *may* lead to the conclusion that Woods is suing for breach of contract and possibly also defamation and malicious prosecution.[6] But, this may not be what Woods actually intends, and the court and the parties really should not be left to guess as to the claims Woods is making. If Woods seeks to proceed in this court by way of amended complaint, he should also state what claims he is asserting.

### III.     CONCLUSION AND RECOMMENDATION

---

Florida Prepaid Postsecondary Education Expense Board, 527 U.S. 666, 675-676 (1999). And, if there is no waiver, the State cannot be sued in federal court on the state-law claims even if the court otherwise has jurisdiction.

Further, even if Woods can overcome the jurisdictional problems and the State does not assert its Eleventh Amendment immunity, Woods also faces additional predicate defenses under North Dakota law. For example, under N.D.C.C. § 32-12-02, the State has consented to be sued for breaches of contract provided that the person asserting the breach has first presented the claim to the department, agency or board to which the claim relates for resolution as provided for under § 32-12-03. If Woods has not complied with § 32-12-03, it is likely that any breach of contract claim against the State will be summarily dismissed. E.g., Dimond v. State, 1999 ND 149, 603 N.W.2d 66 (1999) (breach of contract claim against the State Board of Education dismissed for lack of subject matter jurisdiction for failure to file the claim with the Board prior to suit). Likewise, the State's consent to be sued for certain tort claims in N.D.C.C. ch. 32-12.2 extends only to claims that have first been timely submitted to the director of the state OMB for resolution, *i.e.*, within 180 days after the alleged injury should have been discovered. Ungar v. N.D. State Univ., 2006 ND 185, 721 N.W.2d 16 (dismissal of employment-related claims for lack of subject matter jurisdiction for failure to give timely notice to the OMB); N.D.C.C. § 32-12.2-04. In this case, if Woods is seeking to sue the State for state-law torts, he may already be too late regardless of where the claims are brought.

[6]  As noted earlier, Woods has not asserted any claim for violation of federal law or his rights under the United States Constitution pursuant to 42 U.S.C. § 1983. However, even if such claims were asserted, the North Dakota University System and defendant Goetz in his official capacity would be immune from suit for damages for such claims under the Eleventh Amendment. This is because it is well established that states have Eleventh Amendment immunity from a suit brought under 42 U.S.C. § 1983. Monroe v. Arkansas State University, 495 F.3d 591, 594 (8th Cir. 2007); Alsbrook v. City of Maumelle, 184 F.3d 999, 1010 (8th Cir. 1999). This immunity also extends to state agencies and institutions as well to state employees who are sued in their official capacities. Id.

The undersigned **RECOMMENDS** that Wood's complaint be dismissed without prejudice (including without prejudice to the filing of a paid complaint) for lack of subject matter jurisdiction unless within thirty (30) days he files an amended complaint curing the jurisdictional deficiencies.

### NOTICE OF RIGHT TO FILE OBJECTIONS

Pursuant to D.N.D. Civil L.R. 72.1(D)(3), any party may object to this recommendation within ten (10) days after being served with a copy of this Report and Recommendation. However, given that Woods is living out-of-state and the upcoming holidays, he shall have thirty (30) days to file any objections. Failure to file appropriate objections may result in the recommended action being taken without further notice or opportunity to respond. Objections need not be filed, however, if Woods decides to file an mended complaint in accordance with this Report and Recommendation.

Dated this 15th day of December, 2008.

                                                */s/  Charles S.  Miller, Jr.*
                                                Charles S.  Miller, Jr.
                                                United States Magistrate Judge